UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHARONE STERN,

                              Plaintiff,

        v.

 ANDREW P. GOZINSKY,

                              Defendant.
------------------------------------------------------------------X

**MEMORANDUM
AND ORDER**
24-CV-6962-SJB-LGD

**BULSARA, United States District Judge:**

        Defendants, one an insurance carrier and the other an insurance broker, removed this case to federal court on the theory that the Employee Retirement Income Security Act ("ERISA") preempted all claims in the Complaint, which were all brought under state law.  Following removal, Plaintiff voluntarily dismissed the sole claim against the insurance carrier for violating the terms of the ERISA-governed policy.  The only remaining claims are Plaintiff's state law claims against the insurance broker who procured the policy.  For the reasons below, the remaining state law claims are not preempted by ERISA and the parties are not diverse, and as a result, there is no subject matter jurisdiction and the Court must remand the case back to state court.

<u>BACKGROUND AND PROCEDURAL HISTORY</u>

        Plaintiff Stern ("Plaintiff" or "Stern") filed this case against Andrew P. Gozinsky ("Gozinsky") and First Reliance Standard Life Insurance Company ("First Reliance") in Nassau County Supreme Court on August 22, 2024.  (Compl., attached to Defs.' Notice of Removal as Ex. A, Dkt. No. 1-2 at 11).  Gozinsky and First Reliance were served on September 5, 2024 and timely removed the case to this Court.  (Defs.' Notice of Removal

filed Oct. 2, 2024 ("Notice of Removal"), Dkt. No. 1 ¶ 8).  The "action arises out of a long and short-term disability policy" between Stern and First Reliance that was obtained by Gozinsky.  (Compl. ¶ 1).  Removal was premised on federal question jurisdiction, because the policy "is an employee welfare benefit plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461." (Notice of Removal ¶ 3).

Following removal, Gozinsky filed a motion to dismiss, (Def.'s Mot. to Dismiss filed Feb. 27, 2025, Dkt. No. 17), and then Stern settled with First Reliance and dismissed it from the case, (Stipulation of Discontinuance with Prejudice as to Def. First Reliance filed Aug. 14, 2025, Dkt. No. 23).  As a result, only Stern's claims against Gozinsky for breach of contract, (Compl. ¶¶ 29–31), error and omission, (*id.* ¶¶ 32–34), malpractice, (*id.* ¶¶ 35–36), breach of fiduciary duty of care, (*id.* ¶¶ 37–39), and negligent misrepresentation, (*id.* ¶¶ 40–43), remain, all of which relate to Gozinsky's conduct in securing an insurance plan for Stern.  After the settlement with First Reliance, the parties filed a status report in which Stern indicated an intent to file a motion to remand back to state court, contending that the claim against First Reliance was the only basis for federal question jurisdiction.  (Status Report dated July 18, 2025, Dkt. No. 22 at 2).  In response, Gozinsky argued that the claims against him are preempted by ERISA and therefore the Court retained subject matter jurisdiction.  (*Id.* at 2–3).  Because the status report called into question the Court's jurisdiction, the Court

directed the parties to brief that issue and denied Gozinsky's motion to dismiss without prejudice to renewal.[1]  (Order dated Aug. 19, 2025).

The Complaint alleges that Gozinsky is an insurance broker who secured disability policies for Stern's podiatry practices, which operated through four separate entities.  (Compl. ¶¶ 1, 4–5).  Gozinsky and Stern agreed that the disability insurance, including a short-term and long-term policy, would cover Stern's "annual earnings from all practices."  (*Id.* ¶¶ 6–7).  A dispute arose after Stern "became totally disabled and unable to work" in October 2022.  (*Id.* ¶ 10).  First Reliance found Stern "totally disabled" and approved his disability claim, but calculated benefits due according to his income from just one of his practices, instead of all four.  (*Id.* ¶¶ 12–13).  Stern alleges this erroneous determination was justified by First Reliance because no entities were listed on the policy document in the place where subsidiaries or affiliates are to be named.  (*Id.* ¶ 14).  Upon learning of this justification, Stern asked Gozinsky to clarify the coverage of the policy with First Reliance.  (*Id.* ¶ 16).  And at the same time, Stern lodged an objection to the initial calculation directly with First Reliance, and then appealed when First Reliance confirmed its original calculation.  (Compl. ¶¶ 17–20).  Despite these efforts, First Reliance did not change its determination.  (*Id.* ¶ 21).

---

[1] The Court initially set a briefing schedule for a motion to remand after receipt of the parties' July 18 status report.  (Order dated July 24, 2025).  But Plaintiff elected not to file such a motion, and so the Court proceeded to issue an Order to Show Cause directing briefing on the issue of subject matter jurisdiction.  (Order dated Aug. 19, 2025).

LEGAL STANDARD

There are two branches of preemption doctrine that concern ERISA, one of which bears on this Court's subject matter jurisdiction.[2]  That is the "complete preemption" branch, which "substitutes a federal remedy for [a claim under state] law, thereby creating an exclusive federal cause of action."  *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004).

ERISA's civil enforcement mechanism, set forth in § 502(a)(1)(B), provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  An action brought under this provision confers federal subject matter jurisdiction.  The provision also "completely pre-empt[s]" state causes of action within its scope.  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 214 (2004).  In so doing, it makes those state law claims removable to federal court.  *Id.*  Section 502(a)(1)(B), in other words, serves as an "exception to the well-pleaded complaint rule."  *Arditi v. Lighthouse Int'l*, 676 F.3d 294, 298 (2d Cir. 2012), *as amended* (Mar. 9, 2012).

---

[2] The other is the "express preemption" branch, which is "one of the 'three familiar forms' of ordinary defensive preemption (along with conflict and field preemption)."  *Wurtz v. Rawlings Co., LLC*, 761 F.3d 232, 238 (2d Cir. 2014) (quoting *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 273 (2d Cir. 2005)).  ERISA's provision expressly "supersed[ing] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" is one such example.  ERISA § 514(a); *see Wurtz*, 761 F.3d at 240.  "As an ordinary defensive preemption claim, express preemption cannot support federal jurisdiction because it would not appear on the face of a well-pleaded complaint."  *Wurtz*, 761 F.3d at 238 (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Sullivan*, 424 F.3d at 272).

Two relevant principles flow from ERISA's complete preemptive effect. "[O]nce a district court determines that a state law claim has been completely preempted . . . the court must then dismiss the claim for failing to state a cause of action." *Gordon v. McGinley*, 502 F. App'x 89, 90 (2d Cir. 2012) (quoting *Briarpatch*, 373 F.3d at 309). And second, "[w]hile district courts generally have discretion to decline to exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(c), where the state law claims are completely preempted by federal law such discretion is lacking." *Id.*

"Under the Supreme Court's test in *Davila*, ERISA preempts a cause of action where: (1) 'an individual, at some point in time, could have brought his or her claim under ERISA § 502(a)(1)(B);' and (2) 'no other independent legal duty . . . is implicated by a defendant's actions.'" *Arditi*, 676 F.3d at 299 (quoting *Davila*, 542 U.S. at 210). The first prong of the *Davila* test itself has a two-part analysis: courts first consider "whether the plaintiff is the *type* of party that can bring a claim pursuant to § 502(a)(1)(B)," and then ask "whether the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to § 502(a)(1)(B)." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 328 (2d Cir. 2011). As to the second "independent duty" prong, "a duty is sufficiently independent of ERISA if it creates obligations that did not exist under an ERISA-regulated plan and the requested remedy would not 'tend to control or supersede central ERISA functions . . . [such as] the determination of eligibility for benefits, amounts of benefits, or means of securing unpaid benefits.'" *Levy v. Young*

5

*Adult Inst., Inc.*, No. 13-CV-2861, 2014 WL 12917436, at *5 (S.D.N.Y. Mar. 31, 2014)

(quoting *Stevenson v. Bank of New York Co., Inc.*, 609 F.3d 56, 59 (2d Cir. 2010)).

<u>DISCUSSION</u>

The only remaining claims in this case are Stern's five state law claims against his

insurance broker for error and omission, breach of contract, malpractice, breach of

fiduciary duty of care, and negligent misrepresentation.  These claims are not subject to

complete preemption under ERISA.

Even assuming that *Davila*'s first prong is satisfied, the second is not, because

these claims implicate Gozinsky's "independent legal dut[ies]."  *Montefiore Med. Ctr.*,

642 F.3d at 328.  "[A]n independent duty arises where no ERISA plan confers the

contested benefits and duties, and thus relief would not interfere with the interpretation

or administration of any ERISA plan."  *Levy*, 2014 WL 12917436, at *6; *e.g.*, *Stevenson*, 609

F.3d at 61 ("Because Stevenson's state law claims derive from this promise [from his

employer to maintain his benefits during an international move] rather than from an

ERISA benefits plan, their resolution does not require a court to review the propriety of

an administrator's or employer's determination of benefits under such a plan.").  When

ERISA is merely the "contextual background" for "garden variety" fraud or torts that

give rise to common law claims, they "in no way compromise" ERISA's purpose.

*DaPonte v. Manfredi Motors, Inc.*, 157 F. App'x 328, 331 (2d Cir. 2005) (quoting *Geller v.

Cnty. Line Auto Sales, Inc.*, 86 F.3d 18, 22–23 (2d Cir. 1996)); *see also Stevenson*, 609 F.3d at

61 ("Because Stevenson's suit neither interferes with the relationships among core

ERISA entities nor tends to control or supersede their functions, it poses no danger of

undermining the uniformity of the administration of benefits that is ERISA's key concern.").

The duties invoked by Stern's state law claims are sufficiently independent from and cannot interfere with core administration or interpretation of any ERISA plan. Stern's claims allege misconduct by his insurance broker—such claims are ordinarily not preempted. *See Gerosa v. Savasta & Co.*, 329 F.3d 317, 324 (2d Cir. 2003) ("[C]ourts routinely find that garden-variety state-law malpractice or negligence claims against non-fiduciary plan advisors, such as accountants, attorneys, and consultants, are not preempted.") (collecting cases). Stern's claims cannot be construed as seeking benefits under an ERISA plan, because they are necessarily *pre*-plan claims: because of Gozinsky's alleged misconduct, Stern did not get a policy that he sought. They do not implicate the precise terms of the plan, or dispute what Stern is owed under the plan, but rather, they concentrate on Gozinsky's dealings with Stern and what Stern should receive from Gozinsky's alleged misconduct.

The contract and error and omission claims assert that Stern is entitled to recover for Gozinsky's breach of the terms of his engagement as Stern's insurance broker, not the ERISA plan, based on Gozinsky's failure to procure adequate coverage. (Compl. ¶¶ 30, 33). The malpractice and negligence claims (for breach of Gozinsky's fiduciary duty as an insurance broker and for misrepresentations in selling Stern the policy) similarly contemplate Gozinsky's independent failure to meet his obligations to Stern, not any failure of an ERISA plan to comply with its obligations. (*Id.* ¶¶ 35–43). Indeed, these are not claims the Court could construe under ERISA, because they are based on

the assumption that the ERISA plan does not make Stern whole.  *E.g.*, *DaPonte*, 157 F. App'x at 331 (no preemption where plaintiffs were not covered by ERISA plan, and complaint alleged defendants misrepresented amount of medical coverage to be provided).  These claims, therefore, are not preempted.

Gozinsky has articulated no alternative basis for federal question jurisdiction beyond ERISA preemption, and the parties are not diverse.  (Compl. ¶¶ 2, 4).  Thus, because Stern has voluntarily dismissed the sole federal claim, the Court now lacks subject matter jurisdiction, and the case is remanded.  *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 39 (2025) ("When a plaintiff, after removal, cuts out all her federal-law claims, federal-question jurisdiction dissolves.  And with any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well.  The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started.").[3]

---

[3] Supplemental jurisdiction may remain discretionary where a plaintiff's federal claims have been subject to involuntary dismissal, such as through a motion to dismiss or summary judgment.  *E.g.*, *Allen v. City of New York*, No. 24-2589, 2025 WL 3152723, at *2 (2d Cir. Nov. 12, 2025).  But that is not the case here.  Stern's affirmative act of voluntary dismissal in this case is akin to amendment of the operative pleading, and it deprives this Court of subject matter jurisdiction.  *See Royal Canin*, 604 U.S. at 39 ("By adding or subtracting claims or parties, and thus reframing the suit, that pleading can alter a federal court's authority."); *e.g.*, *Walker v. Arizona*, 158 F.4th 971, 977, 981 (9th Cir. 2025) ("Following *Royal Canin* . . . . does a joint stipulation by the parties to dismiss claims function the same as amendment under Rule 15(a)(1)(B)?  We hold that it does because it alters the substance of the complaint. . . . Walker therefore did not 'amend' his complaint in the same manner as the plaintiff in *Royal Canin* did.  But for assessing jurisdiction under *Royal Canin*, that makes no difference.").

<u>CONCLUSION</u>

Stern's state law claims are not subject to complete preemption under ERISA.  As a result, the Court lacks subject matter jurisdiction.  The Clerk is directed to remand this case to state court.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:  December 18, 2025
        Central Islip, New York